IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  05-cv-00687-WYD-BNB

GREGORY A. DAVISCOURT;
PATRICIA L. DAVISCOURT, wife of Gregory Daviscourt;
NICHOLAS DAVISCOURT, a minor, son of Gregory and Patricia Daviscourt, by and through his father and Guardian Ad Litem Gregory Daviscourt;
JOSHUA DAVISCOURT, a minor, son of Gregory and Patricia Daviscourt, by and through his father and Guardian Ad Litem Gregory Daviscourt;
JACOB DAVISCOURT, a minor, son of Gregory and Patricia Daviscourt, by and through his father and Guardian Ad Litem Gregory Daviscourt;
KARL DAVISCOURT, father of Gregory Daviscourt; and
BARBARA DAVISCOURT, mother of Gregory Daviscourt,

    Plaintiffs,

v.

COLUMBIA STATE BANK, a Washington corporation;
ELIZABETH ANDERSON, in her capacity as Vice President of the Bank and as an individual;
JOHN DOE ANDERSON, husband of Elizabeth Anderson, and the marital community composed thereof;
JONATHAN RAUCHWAY, in his capacity as attorney for the Bank and as an individual;
ARAPAHOE COUNTY;
KELLY M. DRAPER, in his capacity as a police officer for Arapahoe County, and as an individual;
JOHN DOES 1-5, in their capacity as police officers for Arapahoe County, and as individuals;
DOUGLAS COUNTY;
DON LIGHTFOOT, in his capacity as a police officer for Douglas County and as an individual;
RANDALL HENNESSEY, in his capacity as a police officer for Douglas County and as an individual; and
JOHN DOES 6-8, in their capacity as police officers for Douglas County and as individuals,

    Defendants.

**ORDER**

THIS MATTER comes before the Court on Defendants' Douglas County, Don Lightfoot and Randall Hennessey Motion for Clarification of the Court's Order of September 26, 2006 [# 245], filed October 5, 2006.  According to Defendants' motion, this Court's Order has "resulted in disagreement among the parties on two issues, namely: (1) whether there is any basis for holding Defendants Lightfoot and Hennessey in this action; and (2) whether the reopening of discovery is limited to the issue of qualified immunity."  (Def.s' Mot. at 2.)  As set forth more fully below, I find that Defendants Lightfoot and Hennessey shall remain in this action and the reopening of discovery is limited to the issue of qualified immunity.

**I.    ANALYSIS**

    A.    Defendants Lightfoot and Hennessey

This Court's Order dismissed the following claims as to Defendants Lightfoot and Hennessey:

(1) The First Claim for Relief: Violation of the Fourth and Fourteenth Amendments  (Second Am. Compl. ¶¶ 164-174; Ct.'s Order at 8-10.)

(2) The Fourth Claim for Relief: Arrest Without Probable Cause in Violation of the Fourth Amendment  (Second Am. Compl. ¶¶ 188-200; *Id.)*

(3) The Fifth Claim for Relief: Damage to the Husband/Wife and Parent/Child Relationship  (Second Am. Compl. ¶¶ 201-223; Ct.'s Order at 14-15.)

The following claims were not pursued against Defendants Lightfoot and Hennessey:

(1) The Third Claim for Relief: Violation of the Fourth Amendment Prohibition Against the Use of Unreasonable Force  (Second Am. Compl. ¶¶ 182-187; Ct.'s Order at 14-15.)  This claim pertains to the arrest of Greg Daviscourt.  "Defendants Lightfoot and Hennessey were not present during that incident.  The third cause of action is not pursued against them."  (Pl.'s Response at 2.)

(2) The Sixth Claim for Relief: Municipal Liability of Arapahoe and Douglas Counties re: Arrest of Greg Daviscourt  (Second Am. Compl. ¶¶ 224-254.)  This claim "is brought against Arapahoe and Douglas counties, not any individual officer defendants."  (Pl.'s Response at 8.)

(3) The Seventh Claim for Relief: Municipal Liability of Douglas County re: Arrest of Patty Daviscourt  (Second Am. Compl. ¶¶ 255-277.)  This claim "is brought against Douglas County only."  (Pl.'s Response at 10.)

(4) The Eighth Claim for Relief: Intentional Infliction of Emotional Distress (Second Am. Compl. ¶¶ 278-283.)  This Court found that this claim should not be dismissed at this time against Defendants Columbia State Bank, Elizabeth Anderson, and Jonathan Rouchway.  (Ct.'s Order at 15-16.)

(5) The Tenth Claim for Relief: Abuse of Process  (Second Am. Compl. ¶¶ 288-292.)  While this Court did not dismiss this claim, it is not brought against Defendants Lightfoot and Hennessey.  (Ct.'s Order at 17.)

The following claims remain against Defendants Lightfoot and Hennessey:

(1) The Second Claim for Relief: Violation of the Fourth Amendment Prohibition Against Unreasonable Seizures  (Second Am. Compl. ¶¶ 175-181.)  This Court found that "while the officers may be entitled to absolute immunity for the execution of the facially valid warrant, their conduct while executing the warrant is still subject to scrutiny."  Thus, this claim was not dismissed against Defendants Lightfoot and Hennessey.  (Ct.'s Order at 10-12.)

(2) The Ninth Claim for Relief: Conspiracy under 42 U.S.C. § 1983 and State Law  (Second Am. Compl. ¶¶ 284-287.)  This Court found that "[w]hile the Court is dubious about the validity of this claim, it will remain for now against all Defendants . . . ."  (Ct.'s Order at 16-17).

B.     Discovery

The Defendants argue that this Court should reopen discovery "only insofar as necessary to address the defense of qualified immunity raised by the Defendants sued in their individual capacities."  (Def.'s Mot. at 7.)  Plaintiffs assert that they "do not plan to conduct discovery regarding the individual defendant which is avoidable or overly broad."  (Pl.'s Response at 12.)  Further, this Court ordered that

> [t]o the extent the Arapahoe Defendants seek summary judgment on this issue [qualified immunity] on the basis that Defendants Draper and Zborowski are entitled to qualified immunity, I deny the motion without prejudice on the basis that discovery should be completed before the issue of qualified immunity is raised again with the Court.

(Ct.'s Order at 12.)  Under *Maxey ex rel. Maxey v. Fulton*, 890 F.2d 279, 282 (10th Cir. 1989), the Tenth Circuit held that ". . . qualified immunity does not shield government

officials from all discovery but only from discovery which is either avoidable or overly broad." As such, I am unable to rule on Defendants' qualified immunity claim without further factual clarification. *See Workman v. Jordan*, 958 F. 2d 332, 336 (10th Cir. 1992). I find that narrowly tailored discovery on this issue is appropriate. Based on the foregoing, it is

ORDERED that Defendants Don Lightfoot and Randall Hennessey remain in this action with respect to the second and ninth claims for relief. It is

FURTHER ORDERED that initial discovery should be tailored to address the limited issue of qualified immunity.

Dated: November 9, 2006

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge