IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  05-cv-00687-WYD-BNB

GREGORY A. DAVISCOURT;
PATRICIA L. DAVISCOURT, wife of Gregory Daviscourt;
NICHOLAS DAVISCOURT, a minor, son of Gregory and Patricia Daviscourt, by and
through his father and Guardian Ad Litem Gregory Daviscourt;
JOSHUA DAVISCOURT, a minor, son of Gregory and Patricia Daviscourt, by and
through his father and Guardian Ad Litem Gregory Daviscourt;
JACOB DAVISCOURT, a minor, son of Gregory and Patricia Daviscourt, by and
through his father and Guardian Ad Litem Gregory Daviscourt;
KARL DAVISCOURT, father of Gregory Daviscourt; and
BARBARA DAVISCOURT, mother of Gregory Daviscourt,

       Plaintiffs,

v.

COLUMBIA STATE BANK, a Washington corporation;
ELIZABETH ANDERSON, in her capacity as Vice President of the Bank and as an
individual;
JOHN DOE ANDERSON, husband of Elizabeth Anderson, and the marital community
composed thereof;
JONATHAN RAUCHWAY, in his capacity as attorney for the Bank and as an individual;
ARAPAHOE COUNTY;
KELLY M. DRAPER, in his capacity as a police officer for Arapahoe County, and as an
individual;
JOHN DOES 1-5, in their capacity as police officers for Arapahoe County, and as
individuals;
DOUGLAS COUNTY;
DON LIGHTFOOT, in his capacity as a police officer for Douglas County and as an
individual;
RANDALL HENNESSEY, in his capacity as a police officer for Douglas County and as
an individual; and
JOHN DOES 6-8, in their capacity as police officers for Douglas County and as
individuals,

       Defendants.

**ORDER**

THIS MATTER comes before the Court on the following motions: (1) Motion to Dismiss Columbia State Bank's Counterclaim Against Plaintiff Karl Daviscourt [# 281], filed December 7, 2006 and (2) Defendant Jonathan Rauchway's Motion for Summary Judgment [# 285], filed January 31, 2007.  After reviewing these motions as well as the responses and replies, I find that the Motion to Dismiss Columbia State Bank's Counterclaim Against Plaintiff Karl Daviscourt should be denied and Defendant Jonathan Rauchway's Motion for Summary Judgment should be granted.  My analysis is set forth below.

## I.   <u>BACKGROUND</u>

Plaintiffs' Second Amended Complaint for Damages asserts claims under 42 U.S.C. § 1983 and assorted Colorado state law causes of action against various Defendants.  At issue in this Order are both Defendants Columbia State Bank ("Bank") and Elizabeth Anderson's counterclaim against Plaintiff Karl Daviscourt and Plaintiffs' claims asserted against Defendant Rauchway.  The following facts are relevant to the particular motions at issue.

By way of background, this case arises out of a dispute between Gregory and Patricia Daviscourt and Columbia State Bank.  In 1997, Gregory Daviscourt formed the Northwest Construction and Restoration Company, which financed its operations with a credit line provided by Columbia State Bank.  (Second Am. Compl. ¶¶ 44-45.)  In July

of 2002, the Bank conducted an audit and disagreed with the manner in which

Northwest Construction was recording or reporting its accounts receivable.  (Id. at ¶

48.)  The account was transferred to Defendant Elizabeth Anderson, a Bank vice

president.  (Id. at ¶ 49.)  Due to alleged misrepresentations and accounting

inconsistencies, the Bank declined to make further advances to Northwest

Construction.  (Id.; Bank's Answer ¶¶ 12-22.)   The Bank sued Northwest Construction

and Gregory and Patricia Daviscourt individually in King County Superior Court in

Seattle, Washington, and obtained a judgment in excess of $ 1.6 million.  (Id. at ¶ 54.)

In May of 2003, the Daviscourt family moved to Colorado.  (Id. at ¶¶ 55, 57.)

Upon learning that the Daviscourts had moved to Colorado, the Bank contacted

Defendant Rauchway, a Colorado attorney, to domesticate and collect the Washington

State judgment.  (Rauchway Aff.)  In June 2003, Columbia State Bank registered the

King County judgment with the Arapahoe County District Court under the Uniform

Enforcement of Foreign Judgments Act.  (Second Am. Compl. ¶ 57; Rauchway Aff.)  On

December 11, 2003, Gregory and Patricia Daviscourt were served with subpoenas

pursuant to Colorado Rules of Civil Procedure 69 to appear and testify in debtor

examinations at the Arapahoe County District Court on Thursday, December 18, 2003.

(Second Am. Compl. ¶ 65.)  The subpoenas were issued by Defendant Rauchway

according to the procedures set forth in Colo. R. Civ. P. 69 in order to obtain testimony

of the Daviscourts about their assets.  (Id. at ¶ 65; Rauchway Aff.)  Defendant

Rauchway stated in his sworn affidavit that no unlawful motive precipitated his actions.

(Rauchway Aff.)

The Daviscourts alerted Mr. Gossler, their attorney from Washington, of the subpoenas. (Second Am. Compl. ¶ 67.) On December 16, 2003, Mr. Gossler telephoned Defendant Rauchway and told him that he was in the process of retaining Colorado counsel to represent the Daviscourts and that the Daviscourts wanted additional time so that they could be represented by counsel. (Id. at ¶¶ 68-69.) Mr. Gossler asked Defendant Rauchway for a continuance of the debtor exams. (Id. at ¶ 70.) Defendant Rauchway stated in his affidavit that he did not consent to the continuance for the following reasons: (1) the length of time that had passed since the judgment was entered; (2) the Daviscourts had ample time to obtain local counsel; (3) the Daviscourts appeared to evade service, and the Bank was unsure that they would appear on a later date; and (4) Mrs. Anderson, the Bank's Vice-President, had already purchased a plane ticket to attend the December 18, 2003 hearing. (Rauchway Aff.)

On the afternoon of December 17, 2003, Denver attorney Anthony Leffert telephoned Defendant Rauchway. Mr. Leffert identified himself as the Daviscourts' local counsel and asked Defendant Rauchway if he would agree to a continuance of the Colo. R. Civ. P. 69 depositions. (Rauchway Aff.) Defendant Rauchway stated that he returned Mr. Leffert's call promptly and left a message, but Mr. Leffert never returned the call. (Rauchway Aff.) Also on the afternoon of December 17, 2003, Mr. Leffert filed a motion to quash the Colo. R. Civ. P. 69 subpoenas and for a protective order. (Second Am. Compl. ¶¶ 71-73.) This motion was faxed to the offices of Davis, Graham & Stubbs on December 17, 2003, but Defendant Rauchway states in his affidavit that he did not receive the motion to quash before he appeared in Court on the

morning of December 18, 2003.  (Rauchway Aff.)

On the morning of December 18, 2003, Defendant Rauchway and Ms. Anderson, the Bank's Vice-President, appeared at the Arapahoe County District Court for the scheduled Colo. R. Civ. P. 69 depositions.  Neither the Daviscourts nor their counsel appeared.  (Id. at ¶ 77.)  The court asked Defendant Rauchway if he wanted bench warrants issued for the Daviscourts' arrest, and he agreed.  (Rauchway Aff.)  The court issued bench warrants for the Daviscourts and set bonds at $50,000.00 each.  (Second Am. Compl. ¶ 85; Rauchway Aff.)  At the time the warrants were issued, Defendant Rauchway checked "no" on a court form that asked whether the arrest of the Daviscourts would be a "high-risk arrest."  (Second Am. Compl. ¶ 144; Rauchway Aff.)  Defendant Rauchway stated in his affidavit that his only motive was to obtain testimony from the Daviscourts about their assets that could satisfy the outstanding judgment against them.  Defendant Rauchway believed that the warrants were issued in a legal and proper manner pursuant to Colo. R. Civ. P. 69.  (Rauchway Aff.)  All of Defendant Rauchway's communications with the Bank concerned the procedures for issuing Colo. R. Civ. P. 69 subpoenas to obtain debtors' examinations of the Daviscourts.  These communications did not involve any understandings about carrying out an unlawful act. (Rauchway Aff.)

Later on December 18, 2003, the court, having learned of the Daviscourts' motion to quash and for a protective order, entered a minute order staying the enforcement of the warrants pending consideration of the motion.  (Id. at ¶ 90.)  Also on December 18, 2003,  having learned of the Daviscourts' motion to quash and for a

protective order, Defendant Rauchway filed a response on behalf of the Bank in opposition to Plaintiffs' motion.  (Id. at ¶ 91; Ex. A-2.)  Defendant Rauchway requested that the court (1) reschedule the Colo. R. Civ. P. 69 depositions with an order providing that if the Daviscourts failed to appear, a warrant for their arrest would immediately issue; (2) award costs for the Bank's expenses including travel and lodging associated with the December 18, 2003 hearing; and (3) award attorney's fees and costs expended by the Bank in responding to the Daviscourts' motion to quash and for a protective order.  (Rauchway Aff.; Ex. A-2.)   Upon consideration of the motion to quash, the court entered an order denying the motion to quash and issuing a bench warrant for Gregory and Patricia Daviscourt.  (Ex. A-3)  Specifically, the court, sua sponte, struck out the provisions of Defendant Rauchway's proposed order providing for a rescheduled date for the Colo. R. Civ. P. 69 depositions and hand-wrote an interlineation ordering that bench warrants be issued for the Daviscourts.  (Ex. A-3.)  At no time did Defendant Rauchway request that the court end the stay on the bench warrants.  (Rauchway Aff.)  Defendant Rauchway was not present when the stay on the warrants was lifted and only learned about it after the court's order had been entered. (Rauchway Aff.)

On December 19, 2007, Mr. Leffert faxed a letter to Defendant Rauchway asking him to stipulate to a vacatur of the court's order and to provide available dates for rescheduling the Colo. R. Civ. P. 69 depositions.  (Second Am. Compl. ¶ 100; Rauchway Aff.)  Defendant Rauchway replied to Mr. Leffert by fax on the same day, declining to stipulate to a complete vacatur of the court's order with no assurance that

the Daviscourts would appear for Colo. R. Civ. P. 69 depositions on a rescheduled date.  (Second Am. Compl. ¶ 101; Rauchway Aff.)  After December 19, 2003, Defendant Rauchway took no further action involving the Daviscourt matter.  (Rauchway Aff.)  On December 31, 2003, Arapahoe and Douglas County law enforcement officers executed the bench warrants and arrested both Gregory and Patricia Daviscourt.

Defendant Rauchway stated in his affidavit that he has not communicated with any law enforcement officials regarding the Daviscourts' arrests, other than his conversations with the Arapahoe County District Court Judge as reflected in the December 18, 2003 court record and conversations with counsel for the government entities and officials during the course of this lawsuit.  (Rauchway Aff.)  Further, Defendant Rauchway stated in his affidavit that he never saw the arrest warrants, did not request the execution of the arrest warrants, had no involvement over the timing or method of the Daviscourts' arrests, nor was he present during the arrests.  (Rauchway Aff.)

Following their arrests on the bench warrants, Gregory and Patricia Daviscourt filed bankruptcy proceedings in the United States Bankruptcy Court for the District of Colorado.  (Bank's Answer ¶ 27.)  The Bank filed an adversary proceeding requesting that its judgment not be discharged on the grounds that the Daviscourts had defrauded the Bank.  (Id.)  Plaintiff Karl Daviscourt funded his son and daughter-in-law's defense of that adversary proceeding.  (Id. at 28.)  Following a trial on the merits, the Bankruptcy Court ordered that the Bank's judgments against Gregory and Patricia

Daviscourt not be discharged.  (Id. at 30.)  Then, the Bank conducted debtors'

examinations of the Daviscourts and discovered that after the Bankruptcy Court

entered the Judgment of Non-Dischargeability, Gregory and Patricia Daviscourt signed

a promissory note in favor of Karl Daviscourt in the amount of the attorneys' fees and

costs he had advanced to pay for their representation in the Washington Lawsuit, the

Colorado collection proceedings, the Bankruptcy Proceedings, the adversary

proceeding, and in the instant case, and secured the Note with all or substantially all of

Gregory and Patricia Daviscourt's assets, including their interest in any amounts they

are awarded as damages in this case.  (Id. at 33.)

The Bank alleges in its counterclaim that Karl Daviscourt caused this case to be

filed and pursued in an attempt to dissuade the Bank from pursuing its adversary

proceeding in the United States Bankruptcy Court and then, after the Bank won the

adversary proceeding and obtained its Judgment of Non-Dischargeability, to dissuade

the Bank from collecting the Judgment.  (Id. at 35.)  The Bank further alleges that Karl

Daviscourt's filing and pursuit of this case against the Bank has caused the Bank

damages and losses, including attorneys' fees, and caused Defendant Anderson other

damages and losses, including non-economic losses and injuries such as mental

anguish and anxiety, and economic losses including loss of time.  (Id. at 36.)

## II. __PLAINTIFFS' MOTION TO DISMISS COLUMBIA STATE BANK'S COUNTERCLAIM AGAINST KARL DAVISCOURT [# 281]__

By way of background, on October 18, 2006, Defendants Columbia State Bank

("Bank") and Elizabeth Anderson filed their Answer [# 252] to the Second Amended

Complaint.  Included in the Answer, the Defendants filed a counterclaim against

Plaintiff Karl Daviscourt alleging a state claim of abuse of process.  Plaintiffs filed their

motion to dismiss the counterclaim on December 7, 2006.  A response was filed on

February 2, 2007, and a reply was filed on February 20, 2007.

### A.   Standard of Review

In construing the motion to dismiss, the court "'must accept all the well-pleaded

allegations of the complaint as true and construe them in the light most favorable to the

plaintiff.'"  *David v. City and County of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996),

*cert. denied*, 522 U.S. 858 (1997) (quoting *Gagan v. Norton*, 35 F.3d 1473, 1474 n. 1

(10th Cir. 1994)).  "A complaint may be dismissed pursuant to Fed. R. Civ. P. 12(b)(6)

only 'if the plaintiff can prove no set of facts to support a claim for relief.'"  *Id.* (quoting

*Jojola v. Chavez*, 55 F.3d 488, 490 (10th Cir. 1995)).  "A motion to dismiss under Rule

12(b) 'admits all well-pleaded facts in the complaint as distinguished from conclusory

allegations.'"  *Smith v. Plati*, 258 F.3d 1167, 1174 (10th Cir. 2001) (quoting *Mitchell v.

King*, 537 F.2d 385, 386 (10th Cir. 1976)).

If, accepting all well-pleaded allegations as true and drawing all reasonable

inferences in favor of plaintiff, it appears beyond doubt that no set of facts entitle

plaintiff to relief, then the court should grant a motion to dismiss.  *See Tri-Crown, Inc. v.

Am. Fed. Sav. & Loan Ass'n*, 908 F.2d 578, 582 (10th Cir. 1990).

### B.   Analysis

The abuse of process counterclaim is brought by Defendants Columbia State

Bank and Elizabeth Anderson against the Plaintiff Karl Daviscourt.  The Defendants

allege that "only after discovery in the adversary proceeding was nearly complete, and the trial was rapidly approaching and a seven-figure non-discharged judgment was imminent, that Karl Daviscourt filed this lawsuit.  That was over two years after his son and daughter-in-law had been arrested on the bench warrants – the events which give rise to all of his (and his wife's and the other Plaintiffs') claims."  (Def.s' Resp. at 5.) The Defendants further allege that Plaintiff Karl Daviscourt filed this suit against the Bank even though he has no evidence that the Bank was involved in the arrests. Finally, the Defendants claim that Karl Daviscourt caused this lawsuit to be filed, with himself and his wife named as Plaintiffs, even though they were in Seattle at the time of their son and daughter-in-law's arrests and have not suffered any compensable damages as a result of the arrests."  (Id.)

"A prima facie case for abuse of process includes proof of (1) an ulterior purpose in the use of judicial proceedings; (2) willful actions by a defendant in the use of process that are not proper in the regular conduct of a proceeding; and (3) damages." *Trask v. Nozisko*, 134 P.3d 544, 553-54 (Colo. App. 2006).  After a careful review of the pleadings related to this counterclaim and accepting all well-pleaded facts as true and construing them in the light most favorable to the Defendants, I find that it would be inappropriate to dismiss this counterclaim at this point.

## III.   DEFENDANT JONATHAN RAUCHWAY'S MOTION FOR SUMMARY JUDGMENT, BRIEF IN SUPPORT THEREOF, AND AFFIDAVIT [# 285]

By way of background, I dismissed a number of the Plaintiffs' claims in an Order issued on September 26, 2006.  In that Order, I found that Defendant Rauchway was

not acting under the color of state law when he invoked the legal procedures set forth in Colo. R. Civ. P. 69.   Therefore, all but one of Plaintiffs' claims asserted under 42 U.S.C. § 1983 were dismissed against Defendant Rauchway.   (Order at 14.)   Defendant Rauchway now requests that summary judgment be entered on the remaining claims against him: (1) 42 U.S.C. § 1983 conspiracy; (2) common law conspiracy; (3) outrageous conduct; and (4) abuse of process.   Defendant Rauchway filed his motion for summary judgment on January 31, 2007.   A response was filed on March 28, 2007, and a reply was filed on April 18, 2007.

### A.   Standard of Review

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, the court may grant summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the . . . moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Equal Employment Opportunity Comm. v. Horizon/CMS Healthcare Corp.*, 220 F.3d 1184, 1190 (10th Cir. 2000).   "When applying this standard, the court must 'view the evidence and draw all reasonable inferences therefrom in the light most favorable to the party opposing summary judgment.'" *Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1148 (10th Cir. 2000) (quotation omitted).   All doubts must be resolved in favor of the existence of triable issues of fact. *Boren v. Southwestern Bell Tel. Co.*, 933 F.2d 891, 892 (10th Cir. 1991).

In the Tenth Circuit, evidence considered by the court in ruling on a motion for

summary judgment must be evidence that is admissible at trial.  "It is well settled in this circuit that we can consider only admissible evidence in reviewing an order granting summary judgment."  *Gross v. Burggraf Constr. Co.*, 53 F.3d 1531, 1541 (10th Cir. 1995).  "Hearsay testimony cannot be considered because "[a] third party's description of [a witness'] supposed testimony is not suitable grist for the summary judgment mill."  *Id.* (internal citations omitted).  Further, under Rule 56(e), evidence offered in opposition to a motion for summary judgment must be ""made on personal knowledge . . . set forth such facts as would be admissible in evidence, and . . . show affirmatively that the witness is competent to testify to the matters' set forth therein."  *Id.*

## B.   Conspiracy Claim Under 42 U.S.C. § 1983

The Tenth Circuit has stated that "a conspiracy to deprive a plaintiff of a constitutional or federally protected right under the color of state law" is actionable.  *Snell v. Tunnell*, 920 F.2d 673, 701 (10th Cir. 1990).  However, in order to succeed on a conspiracy claim under 42 U.S.C. § 1983, "a plaintiff must plead and prove not only a conspiracy, but also an actual deprivation of rights; pleading and proof of one without the other will be insufficient."  *Id.*  Further, "[w]hile a deprivation of a constitutional right is essential to proceed under a § 1983 claim, proof of an agreement to deprive will often require examination of conduct occurring prior to the deprivation."  *Id.* at 701-02.  To establish the existence of a conspiracy, a plaintiff seeking redress must show that there was a "single plan, the essential nature and general scope of which [was] known to each person who is to be held responsible for its consequences."  *Id.* (internal citations omitted).  Finally, the Tenth Circuit has stated that a claim for conspiracy must

often be proven with circumstantial evidence because "[r]arely . . . will there be direct evidence of an express agreement among . . ." the conspirators." *Id.*

In my Order dated September 26, 2006, I found that Defendant Rauchway was not a state actor, rather he was acting as a private individual in carrying out the legal procedures set forth in Colo. R. Civ. P. 69.  (Order at 14.)  With respect to Defendant Rauchway's status as a private individual, the Tenth Circuit has held that a 42 U.S.C. §1983 conspiracy claim may arise when a private actor conspires with a state actor to deprive an individual of a constitutional right under color of state law.  *Dixon v. City of Lawton, Oklahoma*, 898 F.2d 1443, 1449 (10th Cir. 1990).  In order to prove whether a private individual actively conspired with a state officer, the plaintiff must demonstrate the "existence of a significant nexus or entanglement between the absolutely immune state officer and the private party in relation to the steps taken by each to fulfill the objects of their conspiracy."  *Shaffer v. Cook*, 634 F.2d 1259, 1260 (10th Cir. 1980).

## 1.    Defendant Rauchway's Argument

In order to establish a § 1983 conspiracy claim against a private citizen, the Plaintiffs must establish the following elements: (1) an agreement between the private and public defendants to commit an unlawful act and (2) an actual deprivation of rights. *Thompson v. City of Lawrence*, 58 F.3d 1511, 1517 (10th Cir. 1995).  In the case at hand, Defendant Rauchway avers in his affidavit that his actions were not made in furtherance to commit an unlawful act.  Defendant Rauchway states that he did nothing more than follow the rules of legal procedure, decline to take actions on behalf of opposing parties that he had no duty to take, or characterize a fact that Plaintiffs deem

to be inaccurate.

First, Defendant Rauchway avers that his conduct consisted of issuing Colo. R. Civ. P. 69 subpoenas to the Daviscourts for their appearance for debtor examinations as permitted by the rule.  Colo. R. Civ. P. 69 reads in pertinent part:

> (e) Subpoena for Appearance of Judgment Debtor.
> (1) At any time after entry of a final money judgment, a judgment creditor may cause a subpoena or subpoena to produce to be served as provided in C.R.C.P. 45 requiring the judgment debtor to appear before the court, master, or referee with requested documents at a specified time obtained from the court to answer concerning property. . . The subpoena shall include on its face a conspicuous notice to the judgment debtor that provides: "Failure to Appear Will Result in Issuance of a Warrant for Your Arrest."
> (2) If the judgment debtor, after being properly served with a subpoena or subpoena to produce as provided in C.R.C.P. 45, fails to appear, the court upon motion of the judgment creditor shall issue a bench warrant commanding the sheriff of any county in which the judgment debtor may be found, to arrest and bring the judgment debtor forthwith before the court for proceedings under this Rule.

Colo. R. Civ. P. 69(e).  Second, upon their failure to appear, Defendant Rauchway acceded to the court's issuance of bench warrants for their arrests.  Third, Defendant Rauchway states in a sworn affidavit that his only communication with a state actor occurred on the record at the Arapahoe County District Court on December 18, 2003, when he spoke with the Judge regarding the Daviscourts' failure to appear. Accordingly, Defendant Rauchway argues that there is no admissible evidence that he had any communication or agreement with any state official about committing or participating in an unlawful act.  Therefore, there is no evidence that Defendant Rauchway was in any way involved or entangled in an unlawful agreement with an

immune state actor.

### 2. **Plaintiffs' Argument**

Plaintiffs, on the other hand, argue that Defendant Rauchway's motion for summary judgment should be denied because there are genuine issues of material fact. However, I note that the majority of Plaintiffs' response contains information that is not relevant to the underlying elements of their conspiracy claim under 42 U.S.C. § 1983, thus, I will only address the relevant and admissible evidence pertaining to this claim.

With respect to the first element of the conspiracy claim, whether Defendant Rauchway engaged in an unlawful agreement with a state actor, Plaintiffs state in their response that "Defendant Rauchway went to court, and according to the affidavits of attorney Michael Gossler and attorney Anthony Leffert, made inaccurate statements to the court about whether or not the Daviscourts were represented, and whether or not the Daviscourts and their attorneys were planning to appear." (Pl.'s Resp. at 28.) Plaintiffs also claim that Defendant Rauchway made false statements to the court which included stating that the Daviscourts had "fled" the state of Washington in his response to the motion to quash. Plaintiffs argue that this false statement led to the court's issuance of the bench warrants. Plaintiffs further state that Defendant Rauchway moved the court for the issuance of the warrants, filled out the fugitive information sheets to be used by the sheriffs to facilitate the arrests, resisted all efforts by the Daviscourts' counsel to rescind the warrants, and threatened the Daviscourts with arrest in a letter dated December 19, 2003.

### 3. **Analysis**

In *Shaffer v. Cook*, the Tenth Circuit affirmed the dismissal of an appellant's complaint alleging that two attorneys conspired with a state trial Judge to deprive him of his civil rights.  *Shaffer v. Cook*, 634 F.2d 1259, 1260 (10th Cir. 1980*).*  The Court held that the appellant's allegation that he saw one of the attorneys speak with the Judge before the hearing was insufficient to support a conspiracy claim under 42 U.S.C. § 1983.  Similar to the instant case, the Plaintiffs fail to present admissible evidence of an agreement between Defendant Rauchway and a state actor to commit an unlawful act and an actual deprivation of rights in support of their conspiracy claim.  According to the sworn affidavit of Defendant Rauchway based on his personal knowledge, he did nothing more than properly represent his client (the Bank) in its Colo. R. Civ. P. 69 action against the Daviscourts.  Defendant Rauchway made representations to the state court Judge on December 18, 2003 based on the personal knowledge he had at the time.  Defendant Rauchway stated that he did not receive the Plaintiffs' motion to quash before he appeared in court on December 18, 2007, and he accurately represented this information to the court at the hearing.

The affidavits of attorneys Gossler and Leffert are not sufficient evidence regarding Defendant Rauchway's knowledge or intentions as they are not based on personal knowledge.  "Under the personal knowledge standard, an affidavit is inadmissable if 'the witness could not have actually perceived or observed that which he testified to.'" *Argo v. Blue Cross & Blue Shield of Kansas, Inc.*. 452 F.3d 1193, 1200 (10th Cir. 2006).  "Accordingly, at the summary judgment stage, 'statements of mere belief' in an affidavit must be disregarded." *Id.*

While Mr. Leffert stated that Defendant Rauchway received the motion to quash before the December 18, 2003 hearing, he was not present at Defendant Rauchway's law firm when the motion was received and has no personal knowledge as to when Defendant Rauchway actually received the document.  Further, Mr. Leffert cannot submit evidence of personal knowledge regarding the conversation between Defendant Rauchway and the Arapahoe County District Court Judge at the hearing because he was not present.  This evidence is not admissible and will not be considered in my analysis.  In fact, after reviewing all of the relevant evidence and viewing that evidence in the light most favorable to the Plaintiffs, I find that there is no admissible evidence that creates a genuine issue of material fact or supports Plaintiffs' claim that Defendant Rauchway engaged in an agreement between himself and any public official (the Judge or law enforcement) to commit an unlawful act.  I find that the evidence supports Defendant Rauchway's position that he was simply representing his client in the Colo. R. Civ. P. 69 proceedings and was not involved in any unlawful conduct or agreement.  Thus, in light of my finding that there is no evidence to substantiate the first element of the conspiracy claim under 42 U.S.C. § 1983, I need not address the second element of a deprivation of Plaintiffs' constitutional rights.  Accordingly, summary judgment should be entered in favor of Defendant Rauchway on Plaintiffs' conspiracy claim under 42 U.S.C. § 1983 as a matter of law.

### C.   Common Law Conspiracy Claim Under State Law

To establish a claim for common law conspiracy under Colorado law, a plaintiff must show the existence of : "(1) two or more persons; (2) an object to be

accomplished; (3) a meeting of the minds on the object or course of action; (4) an unlawful overt act; and (5) damages as to the proximate result." *Nelson v. Elway*, 908 P.2d 102, 106 (Colo. 1996).  The Colorado Supreme Court went on to say that "[t]he court will not infer the agreement necessary to form a conspiracy; evidence of such agreement must be presented by the plaintiff." *Id.*  "Additionally, the purpose of the conspiracy must involve an unlawful act or unlawful means.  A party may not be held liable for doing in a proper manner that which it had a lawful right to do." *Id.*

### 1.    Defendant Rauchway's Argument

In his motion, Defendant Rauchway argues that the Plaintiffs cannot produce the evidence required to support the existence of a common law conspiracy.  Specifically, the Plaintiffs allege that Defendant Rauchway and the Bank combined to accomplish an unlawful purpose by unlawful means.  (Second Am. Compl. ¶ 286.)  Defendant Rauchway argues that he cannot be held liable for conspiracy with his client (the Bank) when he is properly acting within the scope of the attorney-client relationship. Defendant Rauchway turns to a case from this Court, *Astarte, Inc. v. Pacific Industries Sys., Inc.*, 865 F.Supp. 693, 708 (D.Colo. 1994), for support of his argument.  In *Astarte*, Judge Sherman Finesilver held that "[a]n attorney, being an agent of his principal, cannot be held liable for conspiracy with his principal where the agent acts within the scope of his authority and do not rise to the level of active participation in a fraud." *Id.* at 708.

### 2.    Plaintiffs' Argument

In their response to Defendant Rauchway's motion for summary judgment, the

Plaintiffs again argue that "there is an issue of fact" regarding their common law conspiracy claim. (Pl.s' Resp. at 32.) Plaintiffs argue that Defendant Rauchway "cannot hide behind his status as an attorney to prevent plaintiffs' conspiracy claim from proceeding to trial." (Id.) First, Plaintiffs state that there is ample evidence that Defendant Rauchway committed a fraud when "[h]e made false oral and written statement to the state trial Judge that led to the arrests of the Daviscourts." (Id.) Second, Plaintiffs claim that Defendant Rauchway used the Colo. R. Civ. P. 69 procedures "not to secure the Daviscourts' attendance at an examination, but instead to coerce the Daviscourts into a settlement on the underlying Washington action and/or to punish them by incarceration because the family had not paid the money." (Id.)

### 3. Analysis

Turning to the case at hand, after viewing the evidence in the light most favorable to the Plaintiffs, I find that the Plaintiffs have failed to prove the elements necessary to the existence of a common law conspiracy. Plaintiffs have neither offered admissible evidence creating a genuine issue of material fact nor admissible evidence giving rise to any "meeting of the minds" or "unlawful overt act" required to support a common law conspiracy claim. Additionally, Plaintiffs have failed to show that Defendant Rauchway's conduct rose to the level of fraud as set forth in *Astarte*. Based on my analysis in section B of this Order, the evidence Plaintiffs put forth in support of their conspiracy claim against Defendant Rauchway is inadmissible and will not be considered in this analysis. Moreover, Defendant Rauchway's affidavit is based on personal knowledge and indicates that he represented the Bank in an appropriate and

proper manner.  Accordingly, summary judgment should be entered in favor of

Defendant Rauchway on Plaintiffs' common law conspiracy claim as a matter of law.

      **D.**    **Outrageous Conduct Claim**

      To establish a claim for outrageous conduct under Colorado law, a plaintiff must

show that: "(1) the defendant engaged in extreme and outrageous conduct; (2) the

defendant engaged in such conduct recklessly or with the intent of causing the plaintiff

severe emotional distress; and (3) the defendant's conduct caused plaintiff to suffer

severe emotional distress." *McCarty v. Kaiser-Hill Co., L.L.C.*, 15 P.3d 1122, 1126

(Colo. App. 2000), *cert. denied* (Jan. 2001).  "Although the question whether conduct is

outrageous is generally one of fact to be determined by a jury, it is the initial

responsibility of a court to determine whether reasonable persons could differ on the

question." *Id.*  "The level of outrageousness required for conduct to create liability for

intentional infliction of emotional distress is extremely high." *Id.*  "Liability has been

found only where the conduct has been so outrageous in character and so extreme in

degree as to go beyond all possible bounds of decency, and to be regarded as

atrocious, and utterly intolerable in a civilized community." *Id.*

      In the case at hand and based on my previous analysis in this Order, I find there

is no admissible evidence that creates a genuine issue of material fact with respect to

Plaintiffs' outrageous conduct claim.  Basically, the Plaintiffs' claim that Defendant

Rauchway engaged in an improper agreement to commit an unlawful act,

misrepresented facts to the state court which led to the arrests of the Daviscourts, and

used the Colo. R. Civ. P. 69 procedures to "threaten" the Daviscourts into satisfying the

Bank's judgment.  However, these claims are not supported by any admissible evidence.  Based on the admissible evidence before me and viewing it in the light most favorable to the Plaintiffs, I do not find that Defendant Rauchway's conduct rose to the level of being "so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."  Accordingly, summary judgment should be entered in favor of Defendant Rauchway on Plaintiffs' outrageous conduct claim as a matter of law.

### E.   Abuse of Process Claim

To establish a claim for abuse of process under Colorado law, a plaintiff must prove the following elements: "(1) an ulterior purpose for the use of a judicial proceeding; (2) willful action in the use of that process which is not proper in the regular course of the proceedings; and (3) resulting damages."  *Moore & Assocs. Realty, Inc. v. Arrowhead at Vail*, 892 P.2d 367, 373 (Colo. App. 1994).

Again, Plaintiffs put forth the same aforementioned inadmissible evidence to support this claim or to create a genuine issue of material fact.  Specifically, Plaintiffs assert that Defendant Rauchway intentionally caused the issuance of the bench warrants both through his misrepresentations to the court and his misuse of the Colo. R. Civ. P. 69 procedures.  Based on my previous analysis, this evidence is inadmissible and therefore, unavailable to the Plaintiff to create a genuine issue of material fact with respect to their abuse of process claim.  Therefore, I find there is no evidence to either create a genuine issue of fact or simply support Plaintiffs' abuse of process claim.  Accordingly, summary judgment should be entered in favor of Defendant Rauchway on

Plaintiffs' abuse of process claim as a matter of law.

## IV.   **CONCLUSION**

Based on the foregoing, it is

ORDERED that the Motion to Dismiss Columbia State Bank's Counterclaim Against Plaintiff Karl Daviscourt [# 281], filed December 7, 2006, is **DENIED**.  It is

FURTHER ORDERED that Defendant Jonathan Rauchway's Motion for Summary Judgment [# 285], filed January 31, 2007, is **GRANTED** and Plaintiffs' claims against Defendant Rauchway are **DISMISSED WITH PREJUDICE**.  It is

FURTHER ORDERED that in light of my findings set forth in this Order, Defendant Jonathan Rauchway's Motion to Strike Portions of the Response [# 304], filed April 18, 2007, is **DENIED AS MOOT**.

Dated:  September 26, 2007

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge