IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 05-cv-00687-WYD-BNB

GREGORY A. DAVISCOURT, et al.,

    Plaintiffs,

v.

COLUMBIA STATE BANK, et al.,

    Defendants.

# ORDER

I.    INTRODUCTION

THIS MATTER comes before the Court on both Plaintiffs' Motion for Partial Summary Judgment on Bank Defendants' Counterclaim (docket #385), filed December 4, 2007 and Plaintiffs' Motion to Strike and in the Alternative, Disqualify (docket #447), filed February 27, 2008. After reviewing the motions as well as the responses and replies, I find that both motions should be denied. My analysis is set forth below.

II.    BACKGROUND

Plaintiffs' Second Amended Complaint for Damages asserts claims under 42 U.S.C. § 1983 and assorted Colorado state law causes of action against various Defendants. At issue in this Order is Defendant Columbia State Bank's ("Bank Defendants") counterclaim for abuse of process. In previous Orders, I have set forth detailed recitations and analyses of the pertinent facts of this case. Accordingly, those facts and analyses are incorporated by reference in this Order. Additionally, I find that

the following facts are also relevant to the particular motions at issue.

The Plaintiffs present their facts through both an affidavit submitted by Karl Daviscourt and excerpts of deposition testimony by Elizabeth Anderson, the Bank vice-president. In the motion, the Plaintiffs state that the only motive Karl Daviscourt, a named Plaintiff in this action, had in bringing this lawsuit was to "seek compensation for himself, Greg and Patty Daviscourt, and his grandchildren for the damages caused by the defendants." (Mot. at 2.) The Plaintiffs further state that "Karl Daviscourt's participation was not done in an attempt to dissuade the Bank from collecting its judgment." (Mot. at 2.) Karl Daviscourt further argues that the timing of this lawsuit was unrelated to the judgment obtained by the Bank in the bankruptcy litigation. Finally, the Plaintiffs argue that in her deposition, Elizabeth Anderson, the Bank vice-president, could not cite to any facts other than the timing of this lawsuit to support the Bank Defendants' counterclaim.

In response, the Bank Defendants state that Gregory and Patty Daviscourt were arrested on the bench warrants on December 31, 2003. The instant case was not filed until sixteen months later. The Bank Defendants state that when the Plaintiffs filed this lawsuit, "they had absolutely no evidence of, involvement in, or control over, the timing, method or manner of the Arrests." (Resp. at 5.) "Nevertheless, Karl Daviscourt and the other Daviscourts filed this lawsuit anyway, just five months before the trial of the Adversary Proceeding." (Resp. at 6.) The Defendants also present an affidavit from Bruce E. Rohde, an attorney for the Bank, that avers that after the Plaintiffs filed this lawsuit and before the trial on the adversary proceeding, "Karl Daviscourt offered to

pay the Bank a sum of money, which was a small fraction of the amount the Daviscourts owed the Bank and also agreed that all the Daviscourts' claims against the Bank in this lawsuit would be dismissed, if the Bank would dismiss the Adversary Proceeding and release the Daviscourts from any other claims it might have against them." (Resp. at 6; Rohde Aff.)

As stated in previous Orders, on December 23, 2005, the Bankruptcy Court determined that the Bank's Washington judgment was non-dischargeable as to Gregory and Patricia Daviscourt. Then, on December 30, 2005, Gregory and Patricia Daviscourt executed a loan agreement where they agreed that they owed Karl Daviscourt over $600,000.00 for legal fees, cost and expenses he had paid on their behalf. Also in the loan agreement, Gregory and Patricia Daviscourt granted Karl Daviscourt a first priority security interest in substantially all of their assets, including any damages they were awarded in this case. (Resp. at 7; Ex. B, C, D, E, F, and G.) Consequently, the Bank brought a fraudulent conveyance action against the Daviscourts in the District Court for Douglas County, Colorado. Following a trial, the Douglas County District Court entered a judgment in favor of the Bank and ruled that the transactions represented by the loan agreement were void. (Resp. at 8; Ex. A, B, and C.)

III. <u>PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON BANK DEFENDANTS' COUNTERCLAIM (docket #385), filed December 4, 2007</u>

By way of background, I note that on September 26, 2007, I granted Defendant Rauchway's Motion for Summary Judgment. On January 9, 2008, I granted the Bank

-3-

Defendants' Motion for Summary Judgment. Both the Arapahoe and Douglas County Defendants have filed motions for summary judgment which are pending before the Court.

A.  Standard of Review

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, the court may grant summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the . . . moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Equal Employment Opportunity Comm. v. Horizon/CMS Healthcare Corp.*, 220 F.3d 1184, 1190 (10th Cir. 2000). "When applying this standard, the court must 'view the evidence and draw all reasonable inferences therefrom in the light most favorable to the party opposing summary judgment.'" *Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1148 (10th Cir. 2000) (quotation omitted). All doubts must be resolved in favor of the existence of triable issues of fact. *Boren v. Southwestern Bell Tel. Co.*, 933 F.2d 891, 892 (10th Cir. 1991).

In the Tenth Circuit, evidence considered by the court in ruling on a motion for summary judgment must be evidence that is admissible at trial. "It is well settled in this circuit that we can consider only admissible evidence in reviewing an order granting summary judgment." *Gross v. Burggraf Constr. Co.*, 53 F.3d 1531, 1541 (10th Cir. 1995). "Hearsay testimony cannot be considered because "[a] third party's description of [a witness'] supposed testimony is not suitable grist for the summary judgment mill."

*Id.* (internal citations omitted). Further, under Rule 56(e), evidence offered in opposition to a motion for summary judgment must be "'made on personal knowledge . . . set forth such facts as would be admissible in evidence, and . . . show affirmatively that the witness is competent to testify to the matters' set forth therein." *Id.*

    B.    <u>Plaintiffs' Motion to Strike and, in the Alternative, Disqualify (docket #447), filed February 27, 2008</u>

As an initial matter, the Plaintiffs have filed a motion to strike the affidavit from the Bank's counsel, Mr. Bruce Rohde. The Plaintiffs argue that this affidavit should be stricken and not considered by the Court because it "relates directly to settlement discussions and is accordingly inadmissable" pursuant to Fed. R. Evid. 408. (Mot. to Strike at 2.) The Plaintiffs further claim that "[i]f the Court declines to strike the evidence, it should in the alternative disqualify Mr. Rohde and his law firm from serving as the Bank's counsel in this case." (Mot. to Strike at 2.) Other than to cite the rule, Plaintiffs offer no support for their assertions. I disagree with Plaintiffs' arguments and decline to strike Mr. Rohde's affidavit.

Fed. R. Evid. 408 reads as follows:

> (a) Prohibited uses.--Evidence of the following is not admissible on behalf of any party, when offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount, or to impeach through a prior inconsistent statement or contradiction:
> (1) furnishing or offering or promising to furnish--or accepting or offering or promising to accept--a valuable consideration in compromising or attempting to compromise the claim; and
> (2) conduct or statements made in compromise negotiations regarding the claim, except when offered in a criminal case and the negotiations related to a claim by a public office or agency in the exercise of regulatory, investigative, or enforcement authority.
> (b) Permitted uses.--This rule does not require exclusion if the evidence is

offered for purposes not prohibited by subdivision (a). Examples of permissible purposes include proving a witness's bias or prejudice; negating a contention of undue delay; and proving an effort to obstruct a criminal investigation or prosecution.

*Id.*

Tenth Circuit cases that have interpreted this rule have held that "Rule 408 does not require the exclusion of evidence regarding the settlement of a claim different from the one ligated . . . though admission of such evidence may nonetheless implicate the same concerns of prejudice and deterrence of settlements which underlie Rule 408." *Towerridge, Inc. v. T.A.O., Inc.*, 111 F.3d 758, 770 (10th Cir. 1997); *see also Broadcort Capital Corp. v. Summa Medial Corp.*, 972 F.2d 1183, 1194 (10th Cir. 1992) (evidence of a settlement discussion involving a different dispute and "a different claim than the one at issue in the current trial" was not barred).

The Tenth Circuit discussed this issue in *Bradbury v. Phillips Petroleum Co.*, 815 F.2d 1356 (10th Cir. 1987). It first stated, "[r]ead literally, the rule does not appear to cover compromises and compromise offers that do not involve the dispute that is the subject of the suit, even if one of the parties to the suit was also a party to that compromise." *Id.* at 1363. The Court then held that while "the settlement of the seven prior claims brought by landowners arguably involved claims that arose out of different events and transactions . . . the stronger argument is that these claims are related inasmuch as they arose in the course of the same large scale uranium exploration project operated by Philips, and because they are similar enough to the claim sued upon in this case to be relevant." *Id.* "These factors, combined with the strong policy

interest in encouraging the settlement of disputes without resort to litigation, is sufficient to bring the evidence concerning the seven compromises and settlements under the umbrella of Rule 408." *Id.*

Evidence of a settlement is admissible for any purpose other than to prove "'liability for or invalidity of the claim or its amount.'" *Id.* (citing the rule). In *Towerridge*, it was held that the district court did not abuse its discretion in admitting a prior settlement between the defendant and the government to show it was not fault for any delay and to show defendant acted in bad faith. *Towerridge*, 111 F.3d at 770. In *Broadcort*, evidence of prior settlement negotiations regarding a different claim was admissible to show the workings of defendant's loan scheme. *Broadcort*, 972 F.2d at 1194. In *Bradbury*, the court held that evidence of the seven prior compromises was relevant under both Rule 404(b) and 408 to show that the defendant "'engaged in a pattern of conduct of evincing conscious or reckless disregard for the rights of private property owners' and 'to support the plaintiffs' claims for outrageous conduct and for punitive damages.'" *Bradbury*, 815 F.2d 1364.

Turning to the case at hand, Mr. Rohde's affidavit states in pertinent part:

> After discovery (including expert discovery) was completed or substantially completed in the Adversary Proceeding, and shortly (to the best of recollection, a few weeks) before the trial of the Adversary Proceeding was set to start, Michael Pankow, counsel for Gregory and Patricia Daviscourt in the Adversary proceeding and counsel for Karl Daviscourt, called me and said that Karl Daviscourt would pay the Bank a certain sum of money and that the Daviscourts would dismiss their claims in this case against the Bank and Ms. Anderson (and her husband, Merle Anderson, who, at the time, was named as a defendant) if the Bank would dismiss the Adversary Proceeding and release the Daviscourts of any claims or potential claims it had against them.

(Rohde Aff. ¶ 5.) The Bank Defendants argue that this evidence is not proffered to prove the merit of Plaintiffs' defenses in the Adversary Proceeding or provide evidence of settlement, but instead to prove Karl Daviscourt's intent. The Bank Defendant's further argue that the fact that Karl Daviscourt was willing to pay the Bank money shows his state of mind and his motive for bringing this lawsuit. I agree. Given the Tenth Circuit's holdings with respect to Rule 408, I find that this evidence should not be stricken. I find that it is not offered to prove liability for or invalidity of the claim or its amount, but rather to show Karl Daviscourt's intent in bringing this lawsuit which is relevant to the abuse of process counterclaim at issue. Additionally, the Bank Defendants have stated that the Bank's counsel will not testify at trial. Accordingly, Plaintiff's Motion to Strike and in the Alternative, Disqualify is denied.[1]

    C.    <u>Abuse of Process Counterclaim</u>

To establish a claim for abuse of process under Colorado law, a plaintiff must prove the following elements: "(1) an ulterior purpose for the use of a judicial proceeding; (2) willful action in the use of that process which is not proper in the regular course of the proceedings; and (3) resulting damages." *Moore & Assocs. Realty, Inc. v. Arrowhead at Vail*, 892 P.2d 367, 373 (Colo. App. 1994).

In the case at hand, the Plaintiffs argue that the Bank Defendants cannot show the existence of a genuine fact in connection with the elements of abuse of process.

---

[1] While I find that Mr. Rohde's affidavit should not be stricken pursuant to Rule 408, even if I were to disregard it, I find that there are genuine issues of material fact that preclude summary judgment on the Bank Defendant's abuse of process counterclaim.

I find that the Bank Defendants demonstrated through their pleadings that there are genuine issues of material fact regarding whether this action was brought for a proper purpose and whether willful action was part of the process.  The Defendants attached evidence of legal bills paid by Karl Daviscourt, evidence of the loan agreement between Karl Daviscourt, Greg Daviscourt and Patty Daviscourt, and evidence of the fraudulent conveyance action in Douglas County District Court voiding the loan agreement.  On the other hand, Plaintiff has presented evidence that Karl Daviscourt had no improper motive in bringing this lawsuit.  Accordingly, I find that there are genuine issues of material fact regarding the Bank's counterclaim of abuse of process and that summary judgment is not proper on this counterclaim.

IV. CONCLUSION

Based on the foregoing, it is

ORDERED that Plaintiffs' Motion to Strike and in the Alternative, Disqualify (docket #447), filed February 27, 2008 is **DENIED.**  It is

FURTHER ORDERED that Plaintiffs' Motion for Partial Summary Judgment on Bank Defendants' Counterclaim (docket #385), filed December 4, 2007 is **DENIED.**

Dated:  April 21, 2008

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge