IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 05-cv-00687-WYD-BNB

GREGORY A. DAVISCOURT, et al.,

　　Plaintiffs,

v.

COLUMBIA STATE BANK, et al.,

　　Defendants.

# ORDER

## I.　INTRODUCTION

THIS MATTER comes before the Court on Defendant Rauchway's Motion for Attorneys' Fees and Costs (docket #376), filed November 27, 2007. After carefully reviewing the motion as well as the response and reply, I find that the motion should be denied pursuant to 42 U.S.C. § 1988 for the reasons stated below.

## II.　BACKGROUND

In numerous previous Orders, I have set forth detailed recitations and analyses of the pertinent facts of this case. Accordingly, those facts and analyses are incorporated by reference in this Order. By way of background, Plaintiffs' Second Amended Complaint contained ten causes of action, eight of which stated claims against Defendant Rauchway. The complaint sought compensatory damages, punitive damages, and attorneys' fees. On September 26, 2006, I dismissed all but four claims pursuant to Fed. R. Civ. P. 12. I also denied Defendant Rauchway's motion for Rule 11

sanctions. (Order at 17-18.) The remaining claims against Defendant Rauchway were: (1) outrageous conduct; (2) § 1983 conspiracy; (3) common law conspiracy; and (4) abuse of process. On September 26, 2007, I granted Defendant Rauchway's motion for summary judgment and dismissed the remaining claims against him.

III. DEFENDANT RAUCHWAY'S MOTION FOR ATTORNEYS' FEES AND COSTS

In the instant motion, Defendant Rauchway requests an award of attorneys' fees and costs pursuant to 42 U.S.C. § 1988. Defendant Rauchway argues that this matter was a "vindictive lawsuit brought by an extraordinarily wealthy family in an attempt to punish the attorney who tried to collect a debt from their privileged adult children - an attorney who did nothing more than invoke the established rules and procedures of the Colorado courts on his client's behalf." (Mot. at 2.)

In response, the Plaintiffs argue that the motion should be denied because attorney fees are not warranted under Section 1988. The Plaintiffs further claim that the amount of fees and costs requested are unreasonable, and any liability for fees should be charged to Greg and Patty Daviscourt only. First, I address the issue of whether fees should be awarded pursuant to Section 1988.

A. Legal Standard

A prevailing party in a civil rights suit may recover attorney fees. 42 U.S.C. § 1988(b); *see also Olsen v. Aebersold*, 149 Fed. Appx. 750, 752 (10th Cir. 2005). 42 U.S.C. § 1988 states, "[I]n any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92-318 [20 U.S.C.A. § 1681 et seq.], the Religious Freedom Restoration Act of 1993 [42 U.S.C.A. § 2000bb et seq.], the Religious Land Use and Institutionalized Persons Act of 2000 [42

U.S.C.A. § 2000cc et seq.], title VI of the Civil Rights Act of 1964 [42 U.S.C.A. § 2000d et seq.], or section 13981 of this title, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs. . . ." *Id.* However, "'a prevailing defendant in a civil rights action may recover attorney fees only if the suit was vexatious, frivolous, or brought to harass or embarrass the defendant.'" *Olsen*, 149 Fed. Appx. at 752 (quoting *Mitchell v. City of Moore*, 218 F.3d 1190, 1203 (10th Cir.2000)). "This is a difficult standard to meet, to the point that rarely will a case be sufficiently frivolous to justify imposing attorney fees on the plaintiff." *Mitchell v. City of Moore, Oklahoma*, 218 F.3d 1190, 1203 (10th Cir. 2000). "The dismissal of claims at the summary judgment stage does not automatically meet this stringent standard." *Id.* "The plaintiff's action must be meritless in the sense that it is groundless or without foundation. The fact that a plaintiff may ultimately lose his case is not in itself a sufficient justification for the assessment of fees . . . ." *Houston v. Norton*, 215 F.3d 1172, 1174 (10th Cir. 2000).

    B.    <u>Analysis</u>

In the instant case, Defendant contends that Plaintiffs' § 1983 action was frivolous and cites the Tenth Circuit case of *Crabtree v. Muchmore*, 904 F.2d 1475 (10th Cir. 1990) for support. However, I find that *Crabtree* is factually distinguishable to the matter at hand. In fact, *Crabtree* represents the exceptional circumstance when a case is truly frivolous and thus warrants an award of attorneys' fees to a defendant. In *Crabtree*, the plaintiffs filed suit against a judge (despite the protection of absolute immunity) based on a property interest that both a state court and a federal bankruptcy court had previously determined did not exist. *Id.*

On the other hand, here, the Plaintiffs' lawsuit arose out of the arrests of Plaintiffs Greg and Patti Daviscourt. This action was filed over two years ago and has involved multiple motions to dismiss and motions for summary judgment. Accordingly, I have issued numerous, lengthy orders on the various motions. If these matters were truly frivolous, it would not have been necessary "to engage in prolonged and fact-specific inquiries." *Jane L. v. Bangerter*, 61 F.3d 1505, 1514 (10th Cir. 1995). Moreover, I find that this matter involves complex facts, extensive discovery, multiple parties, and difficult legal questions, which are ongoing.[1] Also, in granting Defendant Rauchway's motion for summary judgment, I did not find that Plaintiffs' claims were frivolous. Rather, I found that the response to the motion for summary judgment contained inadmissible evidence and was therefore, inadequate to create genuine issues of fact. Additionally, in response to this motion, the Plaintiffs cite authority and argue that their claims were based on "logical arguments . . . [that] challenge existing law." (Resp. at 8-13.) I agree. I find that Plaintiffs' claims were not unreasonable and frivolous. Accordingly, Defendant Rauchway's motion for attorneys' fees is denied.

Finally, Defendant Rauchway requests his reasonable costs. It does not appear that the Plaintiffs oppose this request, however, they do dispute the amount of costs. Thus, the parties are directed to comply with D.C.COLO.LCivR 54.1 and file a bill of costs with the Clerk of the Court.

IV.     CONCLUSION

Based on the foregoing, it is

---

[1] The Douglas County and Arapahoe County Defendants' motions for summary judgment are currently pending before the Court.

ORDERED that Defendant Rauchway's Motion for Attorneys' Fees and Costs (docket #376), filed November 27, 2007, is **DENIED** to the extent that it requests attorneys' fees. The motion is **GRANTED** to the extent that it requests reasonable costs, and the parties are ordered to comply with D.C.COLO.LCivR 54.1. It is

FURTHER ORDERED that in light of my ruling, the hearing set for **Tuesday, June 24, 2008 at 9:00 a.m. is hereby VACATED**.

Dated: June 5, 2008

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge