IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-00687-WYD-KLM

GREGORY A. DAVISCOURT,
PATRICIA L. DAVISCOURT, wife of Gregory A. Daviscourt,
NICHOLAS DAVISCOURT, a minor, son of Gregory and Patricia Daviscourt
JOSHUA DAVISCOURT, a minor, son of Gregory and Patricia Daviscourt
JACOB DAVISCOURT, a minor, son of Gregory and Patricia Daviscourt,
KARL DAVISCOURT father of Gregory Daviscourt, and
BARBARA DAVISCOURT, mother of Gregory Daviscourt,

    **Plaintiff(s),**

v.

MERLE ANDERSON, in his official and individual capacity,
JONATHAN RAUCHWAY, in his official and individual capacity,
BOARD OF COUNTY COMMISSIONERS OF THE
  COUNTY OF ARAPAHOE,
KELLY M. DRAPER, in his official and individual capacity,
BRADFORD ZBOROWSKI, in his official and individual capacity,
BOARD OF COUNTY COMMISSIONERS OF THE
  COUNTY OF DOUGLAS,
DON LIGHTFOOT, in his official and individual capacity,
RANDALL HENNESSEY, in his official and individual capacity,
KEVIN HATHAWAY, in his official and individual capacity,
ERIK OSTROWSKI, in his official and individual capacity,

    **Defendant(s).**
_____

## ORDER DENYING MOTION TO STAY
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Arapahoe Defendants and Douglas Defendants' **Motion to Stay Pending Appeal on Qualified Immunity** [Docket No. 485; Filed August 27, 2008] (the "Motion"). "Arapahoe Defendants" consist of the Board of County Commissioners of the County of Arapahoe, Bradford Zborowski, and Kelly M. Draper. "Douglas Defendants" consist of the Board of County Commissioners of the County of

1

Douglas, Don Lightfoot, Randall Hennessey, and Kevin Hathaway. Plaintiffs and Defendant Columbia State Bank filed responses and indicated that they do not oppose the stay as to all issues related to Arapahoe Defendants and Douglas Defendants [Docket Nos. 488 & 489]. However, they do not agree to a stay of the case as to Defendant Columbia State Bank's state law counterclaim against Plaintiff Karl Daviscourt.

IT IS HEREBY **ORDERED** that the Motion is **DENIED**. Arapahoe Defendants and Douglas Defendants have failed to articulate sufficient justification to stay the case pending the interlocutory appeal filed by Defendants Zborowski, Draper, and Hathaway regarding the issue of their entitlement to qualified immunity.

As a preliminary matter, the appeal filed by these individual Defendants deprives the Court of jurisdiction as to them. *See Walker v. City of Orem*, 451 F.3d 1139, 1152 (10th Cir. 2006). The same is not true, however, of the remaining Arapahoe Defendants and Douglas Defendants who are not parties to the appeal, including the Boards of County Commissioners of both counties. The parties entirely fail to address the municipal liability claims over which the Court retains jurisdiction. Claim VI of the Second Amended Complaint asserts liability against Arapahoe County and Douglas County for the circumstances surrounding Plaintiff Greg Daviscourt's arrest. Claim VII of the Second Amended Complaint asserts liability against Douglas County for the circumstances surrounding Plaintiff Patty Daviscourt's arrest. *Complaint* [#154] at 41-50. Neither of these claims has been dismissed by the District Court. *See Order* [#469] at 16. "[T]he Arapahoe Defendants' Motion for Summary Judgment . . . [is] denied as to Plaintiffs' claims for . . . municipal liability. . . . [T]he Douglas County Defendants' Motion for Summary Judgment . . . [is] denied as to Plaintiffs' claims for . . . municipal liability." *Id.*; *see also Order* [#473]

at 1. "The Court's Order dated July 18, 2008 is quite clear in that summary judgment was denied as to Greg Daviscourt's claim of unreasonable force and the *Plaintiffs'* claims for municipal liability, thus these are the surviving claims." *Order* [#473] at 1 (emphasis added).

To justify the imposition of a stay, the moving parties must address the following factors: (1) whether the appeal is likely to be successful; (2) the threat of irreparable harm to the moving parties if the stay is denied; (3) the harm, if any, to the plaintiffs or other opposing parties; and (4) the harm, if any, to the public interest. *Archuleta v. Wagner*, No. 06-cv-02061-LTB-MJW, 2007 WL 1247085, at *1 (D. Colo. Apr. 30, 2007) (unpublished decision) (citing *FTC v. Mainstream Mktg. Servs., Inc.*, 345 F.3d 850, 852 (10th Cir. 2003)). Here, not only have the Arapahoe Defendants and Douglas Defendants failed to articulate irreparable injury absent a stay, but they have also failed to address the impact of the appeal on proof of the municipal liability claims. In the absence of any explanation as to how the appeal impacts those claims or how proceeding to trial on those claims would adversely affect the county Defendants, it would be inappropriate to stay the trial simply because some of the parties want to do so. *See id.*

Further, there has been no strong showing that Defendants Zborowski, Draper, and Hathaway are likely to succeed on the merits of their appeal. *See id.* Indeed, Plaintiffs and Defendant Columbia State Bank indicate that the appeal is likely to be dismissed because it involves material issues of disputed facts rather than an issue of law. *Plaintiffs' Response* [#488] at 2; *Defendant Columbia State Bank's Response* [#489] at 2.

Finally, while Plaintiffs and Defendant Columbia State Bank do not oppose the stay, the Court finds that both its and the parties' interests in efficiency and the timely resolution

of disputes would not be served by a stay. See *Archuleta*, 2007 WL 1247085 at *1. The protracted series of events which ultimately led to the lawsuit began in 2002, more than six years ago. *Complaint* [#154] at 13. The lawsuit itself has been pending since April 15, 2005, well more than three years. The discovery and dispositive motions deadlines have passed. Identification of witnesses, exhibits, disputed facts and legal issues is virtually complete. Following the Final Pretrial Conference, the case will be handled by the District Court Judge assigned to this matter. Staying the case at this juncture would result in indefinite postponement of trial, disruption in the District Court's docket by the setting of a priority trial date (due to the case's age) at an unknown time in the future after resolution of the appeal, and, in general, justice delayed. Accordingly, the Motion is **denied.**

Dated: September 3, 2008

BY THE COURT:

s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix