IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 05-cv-00687-WYD-KLM

GREGORY A. DAVISCOURT, et al.,

    Plaintiffs,

v.

COLUMBIA STATE BANK, et al.,

    Defendants.

---

**ORDER**

---

THIS MATTER comes before the Court on the Defendant Douglas County's Motion for Clarification or, In the Alternative, for a Forthwith Status Conference (docket #500), filed September 12, 2008. After reviewing the motion and the file in the above-captioned case, I find that the motion should be granted consistent with this Order and denied as to the request for a status conference.

Defendant Douglas County's motion seeks clarification "that the only Plaintiff's claims that remain are Greg Daviscourt's unreasonable force claim and the related municipal liability claim, and **not** a municipal liability claim based on Patty's Daviscourt's allegations of unreasonable seizure." (Mot. at 2.)

By way of background, on July 18, 2008, I issued an Order on both the Arapahoe and Douglas County Defendants' motions for summary judgment. In my Order, I granted summary judgment in favor of the Defendants as to Plaintiffs' unreasonable seizure claim. I found that "the Plaintiffs fail to cite any authority showing that the

Deputies' conduct violated a constitutional right or that the right was clearly established." (Order at 11.) To the extent that my Order was unclear, I state the following for clarification. Based on my analysis in my July 18, 2008 Order, I find that the officers' conduct did not establish a constitutional violation. Thus, I find that the Defendants are entitled to qualified immunity on the Plaintiffs' claim for unreasonable seizure.

With respect to the Plaintiffs' claim for municipal liability that is based on the unreasonable seizure claim, I note that the Tenth Circuit has held that "where qualified immunity is based upon a finding that the officer's conduct did not amount to a constitutional violation, a municipality is relieved from liability." *Dill v. City of Edmond, Oklahoma*, 155 F.3d 1193, 1212 (10th Cir. 1998). Accordingly, summary judgment is granted in favor of the Defendants as to Plaintiffs' claim for municipal liability related to the unreasonable seizure claim. Therefore, the only claims asserted by the Plaintiffs that remain in this case are Plaintiff Greg Daviscourt's claim for excessive force and the municipal liability claim based on the arrest of Greg Daviscourt.

Based on the foregoing, it is

ORDERED that Defendant Douglas County's Motion for Clarification or, In the Alternative, for a Forthwith Status Conference (docket #500), filed September 12, 2008, is **GRANTED IN PART AND DENIED IN PART.** The motion is granted consistent with this Order and denied as to the request for a status conference.

Dated: September 15, 2008

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge