IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 05-cv-00687-WYD-BNB

GREGORY A. DAVISCOURT, et al.,

    Plaintiffs,

v.

COLUMBIA STATE BANK, et al.,

    Defendants.

## ORDER

THIS MATTER comes before the Court on Defendant Columbia State Bank's Request for Attorneys' Fees and Costs (docket #468), filed July 15, 2008. After carefully reviewing the request as well as the response and reply, I find that the request should be denied pursuant to 42 U.S.C. § 1988 for the reasons stated below.

By way of background, in numerous previous Orders, I have set forth detailed recitations and analyses of the pertinent facts of this case. Accordingly, those facts and analyses are incorporated by reference in this Order. Additionally, I issued an Order on June 5, 2008 denying Defendant Rauchway's motion for attorneys' fees, which I also incorporate by reference in this Order.

Turning to the instant motion, Defendant Columbia State Bank requests an award of attorneys' fees and costs pursuant to 42 U.S.C. § 1988. In support of its motion, the Defendant argues that "there was a total lack of any factual basis for the Plaintiffs' claims against the Bank *after the Court granted the Bank's and Defendant*

***Rauchway's Motion to Dismiss and discovery confirmed that neither the Bank nor Defendant Rauchway were involved in the Arrests."*** (Mot. at 3) (emphasis in original). In response, the Plaintiffs argue that the motion should be denied because attorney fees are not warranted under Section 1988.

A prevailing party in a civil rights suit may recover attorney fees. 42 U.S.C. § 1988(b); *see also Olsen v. Aebersold*, 149 Fed. Appx. 750, 752 (10th Cir. 2005). 42 U.S.C. § 1988 states, "[I]n any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92-318 [20 U.S.C.A. § 1681 et seq.], the Religious Freedom Restoration Act of 1993 [42 U.S.C.A. § 2000bb et seq.], the Religious Land Use and Institutionalized Persons Act of 2000 [42 U.S.C.A. § 2000cc et seq.], title VI of the Civil Rights Act of 1964 [42 U.S.C.A. § 2000d et seq.], or section 13981 of this title, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs. . . ." *Id.* However, "'a prevailing defendant in a civil rights action may recover attorney fees only if the suit was vexatious, frivolous, or brought to harass or embarrass the defendant.'" *Olsen*, 149 Fed. Appx. at 752 (quoting *Mitchell v. City of Moore*, 218 F.3d 1190, 1203 (10th Cir.2000)). "This is a difficult standard to meet, to the point that rarely will a case be sufficiently frivolous to justify imposing attorney fees on the plaintiff." *Mitchell v. City of Moore, Oklahoma*, 218 F.3d 1190, 1203 (10th Cir. 2000). "The dismissal of claims at the summary judgment stage does not automatically meet this stringent standard." *Id.* "The plaintiff's action must be meritless in the sense that it is groundless or without foundation. The fact that a plaintiff may ultimately lose his case is

not in itself a sufficient justification for the assessment of fees . . . ." *Houston v. Norton*, 215 F.3d 1172, 1174 (10th Cir. 2000).

Here, the Plaintiffs' lawsuit was filed over two years ago and has involved voluminous pretrial motions. Accordingly, I have issued numerous, lengthy orders on the various motions to dismiss and motions for summary judgment. Thus, I find that this matter involves complex facts, extensive discovery, multiple parties, and difficult legal issues. Moreover, as I previously noted, I denied Defendant Rauchway's motion for attorneys' fees pursuant to 42 U.S.C. § 1988 because I found that Plaintiffs' claims were not unreasonable and frivolous. I find that the instant motion asserts substantially similar arguments and should be denied for the reasons stated in my previous Order on this issue. To the extent that the Defendant requests its reasonable costs, the parties are directed to comply with D.C.COLO.LCivR 54.1.

Based on the foregoing, it is

ORDERED that Defendant Columbia State Bank's Request for Attorneys' Fees and Costs (docket #468), filed July 15, 2008, is **DENIED**.

Dated: September 19, 2008

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge