IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 05-cv-00687-WYD-BNB

GREGORY A. DAVISCOURT; et al.,

    Plaintiffs,

v.

COLUMBIA STATE BANK, et al.,

    Defendants.

---

# ORDER

---

THIS MATTER comes before the Court on the Plaintiff/Counterdefendant Karl Daviscourt's Motion to Bifurcate filed October 14, 2008 [#517] and Karl Daviscourt's Motion for Reconsideration of the Court's Denial of Summary Judgment on Counterclaim In Light of Subsequent Rulings or, in the Alternative, for Clarification, filed November 7, 2008 [#526].

By way of background, I note that Plaintiff/Counterdefendant Karl Daviscourt ("Daviscourt") has twice sought dismissal of the Abuse of Process Counterclaim ("the counterclaim") filed by Defendants Columbia State Bank and Elizabeth Anderson (the "Bank Defendants"). On September 26, 2007, I entered an Order denying Daviscourt's Motion to Dismiss the Abuse of Process Counterclaim. After a careful review of the pleadings related to the counterclaim, and accepting all well-pleaded facts as true and construing them in the light most favorable to the Bank Defendants, I found that dismissal of the counterclaim would be inappropriate. On April 21, 2008, I denied

Daviscourt's Motion for Partial Summary Judgment on Bank Defendants' Counterclaim finding that genuine issues of material fact exist regarding the Bank Defendants' counterclaim of abuse of process, and it would be inappropriate to grant summary judgment as to the counterclaim.

Daviscourt now seeks reconsideration of my decision not to dismiss the counterclaim based solely on statements contained in a separate ruling denying the Bank Defendants' motion for attorneys' fees following entry of summary judgment in their favor. "'The Federal Rules of Civil Procedure recognize no motion for reconsideration.'" *Hawkins v. Evans*, 64 F.3d 543, 546 (10th Cir. 1995) (quotation and internal quotation marks omitted); *see also Lawrence v. Maher*, 62 Fed.Appx. 907, 2003 WL 1889961, at *1 (10th Cir. 2003) (unpublished); *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Nevertheless, Daviscourt contends that a conflict exists between my ruling on the motion for attorneys' fees and the Bank Defendants' counterclaim, and no triable issue remains as to crucial elements of the counterclaim. According to Daviscourt "the Court's unequivocal rulings so undercut the Bank's counterclaim that a jury could not enter a verdict for Bank Defendants without ignoring or refusing to follow the Court's rulings." Mtn. for Reconsideration at 5.

A trial court may, in its discretion, award attorneys' fees to the prevailing party in a civil rights suit. 42 U.S.C. § 1988(b); *see also Olsen v. Aebersold*, 149 Fed. Appx. 750, 752 (10th Cir. 2005). A prevailing defendant in a civil rights action may recover attorneys' fees only if the suit was vexatious, frivolous, or brought to harass or embarrass the defendant." *Olsen*, 149 Fed. Appx. At 752 (quoting *Mitchell v. City of Moore*, 218 F.3d 1190, 1203 (10th Cir. 2000)). In this case, I exercised my discretion

and denied the Bank Defendants' motion for attorneys' fees, stating generally that this matter "involves complex facts, extensive discovery, multiple parties, and difficult legal issues." I also noted that, in connection with the Court's denial of Defendant Rauchway's motion for attorneys' fees, "Plaintiffs' claims were not unreasonable and frivolous."

I decline to reconsider my previous decisions denying Daviscourt's Motion for Partial Summary Judgment on Bank Defendants' Counterclaim, and reject Daviscourt's contention that statements contained in the Court's decision concerning a discretionary award of attorneys' fees constitute the "law of the case" with respect to the merits of the counterclaim. As noted by the Tenth Circuit, "[g]enerally, the 'law of the case' doctrine dictates that prior judicial decisions on rules of law govern the same issues in subsequent phases of the same case." *Been v. O.K. Industries, Inc.*, 495 F.3d 1217, 1224 (10th Cir. 2007). However, "[l]aw of the case 'is solely a rule of practice and not a limit on the power of the court.'" *Homans v. City of Albuquerque*, 366 F.3d 900, 904 (10th Cir. 2004) (quotations omitted). "Thus, the doctrine is discretionary rather than mandatory." *Homans*, 366 F.3d at 904 (citations omitted). "A prima facie case for abuse of process includes proof of (1) an ulterior purpose in the use of judicial proceedings; (2) willful actions by a defendant in the use of process that are not proper in the regular conduct of a proceeding; and (3) damages." *Trask v. Nozisko*, 134 P.3d 544, 553-54 (Colo. App. 2006). In this case the Bank Defendants must also demonstrate that Daviscourts' Complaint against them is devoid of reasonable factual support or has no cognizable basis in law. *Yadon v. Lowry*, 126 P.3d 332, 337 (Colo. 2005). First, the Court's prior ruling on attorneys' fees is separate and distinct from the

merits of the counterclaim.  Second, statements made in the context of my discretionary ruling on the Bank's motion for attorneys' fees are not equivalent to a ruling that Daviscourt's Complaint is "devoid of reasonable factual support or has no cognizable basis in law."  I decline to apply the law of the case doctrine under the circumstances presented here.

As to Daviscourt's request for clarification regarding use of the Court's prior ruling on the attorneys' fees issue in defending the counterclaim, such concerns are more appropriately raised during the final trial conference.  However, I am not inclined to allow Daviscourt to dissect statements contained in the Court's prior rulings on the attorneys' fees issue in connection with its defense of the counterclaim as this would likely lead to confusion of the issues and mislead the jury.

Turning to the Motion to Bifurcate, given the Clerk's Entry of Judgment on January 22, 2009, with respect to all claims brought by Plaintiff Gregory Daviscourt, I find that the issues raised in the Motion to Bifurcate are now moot.  The only claim remaining for trial in this case is the Bank Defendants counterclaim against Plaintiff/Counterdefendant Karl Daviscourt for Abuse of Process.

Accordingly, for the reasons set forth herein, it is hereby

ORDERED that Plaintiff/Counterdefendant Karl Daviscourt's Motion for Reconsideration of the Court's Denial of Summary Judgment on Counterclaim In Light of Subsequent Rulings or, in the Alternative, for Clarification, filed November 7, 2008 [#526] is **DENIED**.  It is

FURTHER ORDERED that Plaintiff/Counterdefendant Karl Daviscourt's Motion to Bifurcate filed October 14, 2008 [#517] is **DENIED AS MOOT**.

Dated: February 20, 2009

                                        BY THE COURT:

                                        s/ Wiley Y. Daniel
                                        Wiley Y. Daniel
                                        Chief U. S. District Judge